Good morning, Your Honor. It's a pleasure to be here. May it please the Court, I'm here on behalf of Stacey Sellner, who was convicted on a plea of guilty in Nebraska for drug trafficking. She was subsequently sentenced, and after her sentencing, she says she asked her lawyer to appeal, and her lawyer filed an affidavit in a habeas action saying that she had raised the question, but that he had persuaded her not to do that, and those materials are in the briefs and in the appendix. The district court did not appoint a lawyer to represent Ms. Sellner in her post-conviction action, did not authorize an evidentiary hearing, and in fact, in a way, and I mean this with great respect for the trial judge, may in fact have inadvertently misled her about the sufficiency of her pleadings, because during the pendency of the first of the two actions issued in order, saying we need some additional information about one of your four claims, and I submit to you that a reasonable pro se litigant would understand that to mean that the other three claims were sufficiently factually developed, that the court didn't have any leftover questions, like seriously, did you ask your lawyer for an appeal? That was never asked of her. Instead, it had to do with, well, what did your lawyer tell you about the possible sentence that you were facing? So, and I have to tell you, your honors, that I don't want to persuade the court that the government's concession that's contained in the Rule 28J letter is incorrect, and I have fear that if I talk long enough, I may talk you out of accepting their concession, which we submit is rightly made. We don't necessarily believe that Franco is by itself fully sufficient to send it back, because it doesn't address whether or not the second motion for post-conviction relief was a successor. I submit to you, however, that this court, in a case called Crouch v. Norris, which is now on all fours with Ms. Selner's case, really answers the question in a crystal clear way. If before a ruling is made, a final ruling is made, the pro se litigant says, oh, I thought of something else, instead of calling that a successor, which it clearly is not, since the first one is not finished, it is more fairly understood to be an inartful Rule 15C request to amend. And while technically, at the time Ms. Selner filed her second application, she may not have gotten permission from opposing counsel, she may not have gotten permission from the trial judge, and therefore, in a pristine, non-pro se world, did not fully and with articulation obey the rules, I submit to you that the law that requires this court and all courts to view pro se litigants' pleadings with some fairness and generosity, I don't mean break the rules, I mean understand what they intended to say, that having done that in the trial court, I believe, with respect to the trial judge, that he would have, in fact, addressed the merits rather than simply saying you didn't get permission from the court of appeals and therefore you're out. So it's our position that the decision to reject the second petition as a successor was an abuse of discretion. Well, what about on the merits? Do you think the retroactivity of Alien, if that's how you pronounce it, I mean, we can decide, we could go to the merits on this and say that it's not retroactive. You may be familiar with the United States v. Bennett. It just came out here a couple months ago or a month and a half ago. Doesn't that resolve that? Your Honor, I feel this sort of tug to zealously argue an indefensible position or be candid. Not only do I agree with you that there is no indication that I can find in the case law that Alien is retroactive, but even if it was fully retroactive, it doesn't apply because the enhancements that are at issue in the case had nothing to do with her mandatory minimum. She was nowhere near the mandatory minimum anyway. And that's what Bennett says in that case. It seems like Bennett's right on point for what we have here. Now, I will tell you why I submit that you should not affirm the dismissal, and it comes very straightforwardly. Here's a lady who is pro se, who has never had a lawyer look at her case carefully, which had she in the beginning been given appointed counsel, almost certainly would have done more than say, well, three of your four claims are contradicted by the plea agreement, and the fourth you win, but it's a Pyrrhic victory. I believe an ethical lawyer at that point would have taken at least a look at the whole case. The Rule 15 badly articulated premise is no different. It may be that her Alain argument doesn't work very well, but it may also be that the enhancements that she was confronted at sentencing should be looked at under Strickland, and that would have been done had a counsel been appointed. And it strikes me that it makes the most sense to remand both claims to the trial judge so that counsel can be appointed, so that she can be properly represented. If at that point there is no additional claim, I doubt that we'll see the Alain argument again. Alain's not the issue. It is the fairness of the process by which she was summarily booted on a ground that cannot be defended as anything but an abuse of discretion. Now, you may absolutely be right. The issue that she raised, or I suspect that her jailhouse lawyer suggested that she raise, doesn't have any legs. But that doesn't mean that it shouldn't go back so that the trial judge can say, I'm going to treat this case as a case and deal with it front to back in a fair way. So I'm not sure that it hurts Ms. Selner if this court says there's no Alain issue here, either because it wouldn't apply on its face or because it's not retroactive. And I think it's disingenuous to pretend that that aspect of her second motion is defensible. It's not. But I submit to you that the first petitions, first claim, that is I ask for a lawyer, must, with all due respect, be sent back. And if you're going to do that, it makes sense to send the whole case back and simply indicate that Alain is not a fruitful claim and we're not going to treat it as a successor because it's not. What that accomplishes, of course, is it tells trial judges when things are successors and when they are not. Which, by the way, I thought was clear in the Crouch case that was decided some years ago. So to answer your question way many words than you needed, I think you're spot on. But I don't think you should affirm a successor ruling when it's not. I think that creates needless confusion. And I'd kind of like to save some time unless you have other questions. Again, the specific request, relief you request, do you want it sent back for a hearing or do you want us to determine at this level that her claim should be considered? Frankly, I think it is cleaner to send the whole thing back. With new actions, that there be some sort of an evidentiary hearing or isn't there any evidentiary question remaining? Well, there's definitely an evidentiary question on whether she asked for a lawyer. On that, there's no question at all that there's a factual dispute that must be resolved in the trial court. The Alain question, which is one that Judge Riley has issued a focus on, Alain itself may not be a basis for sending anything to anybody. But whether or not she should be given a reasonable opportunity if the trial judge gives her a lawyer, which I think he should, whether he will allow then that lawyer to work with Ms. Selner to consider filing a request for an amendment to add a legitimate claim, that I think should not be foreclosed by this court. Okay. Thank you very much. Give you some time in rebuttal. First time for everything, Judge. Thanks. Well, we do appreciate you not using all your time. Ms. Bunger, good morning. Good morning. May it please the court. As the court's well aware, I did file that 28J letter. And, of course, the Chief Justice himself sat on the Franco court when that decision was made. It's the position of the United States that we are on point with that case. I could come to you and try and argue that my affidavit was better in this case than the facts in Franco. However, I think when it comes to the end of the day, unless the court's going to somehow change their mind, it is the law at this point to go back, remand, and have the hearing. So the United States is willing to concede that that would probably be the appropriate task in this, is to go back, have the hearing. I would also concede in this that if we are going to remand the case, it probably does make sense to send it all back. It does make it a clean record then for further appellate work. I agree also that the underlining arguments are going to fail in Ms. Selner's point. However, to make the record clean, it might work to that advantage. And, again, not to throw District Judge Strawman under the bus in any way that he did anything wrong. It just might make a cleaner record to send it all back if we are having that rehearing. And if there's no other questions, since I'm basically conceding that Franco issue, I have nothing further. Thank you. Thank you. Mr. Gooch, better discretion it would be to drop this. No, no, sir. The issue with that. Okay. Well, thank you both. Thank you for the government's concession. And also thank you, Mr. Gooch, for your concession on the alien issue. And we will likely send it back. No ruling today. But I guess the question is, what do we do with the alien issue? We'll decide that. Thank you very much.